**EXHIBIT A**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WELLS FARGO BANK, N.A.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MEGAN BURKETT,

**ELECTRONICALLY
FILED
7/6/2021 2:53 PM
SAN LUIS OBISPO SUPERIOR COURT
BY Carol L. Merlute
Carol L. Merlute, Deputy Clerk**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* San Luis Obispo Superior Court <br> 1050 Monterey Street, San Luis Obispo, CA 93408 | CASE NUMBER: *(Número del Caso):* <br> **21CV-0384** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Matthew M. Loker, Esq., Loker Law, APC, 1303 E Grand Ave., #101, Arroyo Grande, CA 93420, (805) 994-0177, matt@loker.law

| DATE: <br> *(Fecha)*    7/6/2021 2:53 PM | /s/Michael Powell | Clerk, by <br> *(Secretario)* | Linda Mlynic | , Deputy <br> *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: **Wells Fargo Bank, N.A.**

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*:    7/8/21

| | Page 1 of 1 |
|---|---|

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**    [Print this form]   [Save this form]    [Clear this form]

LOKER LAW, APC
Matthew M. Loker, Esq. (279939)
matt@loker.law
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177
Facsimile: (805) 994-0197

*Attorney for Plaintiff,*
Megan Burkett

ELECTRONICALLY
FILED
7/6/2021 2:53 PM
SAN LUIS OBISPO SUPERIOR COURT
BY _____
Carol L. McGuirk, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN LUIS OBISPO – UNLIMITED CIVIL

| | |
|---|---|
| MEGAN BURKETT,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.<br><br>Defendant | Case No.: 21CV-0384<br><br>COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:<br><br>I.   ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT; AND,<br><br>II.  CALIFORNIA IDENTITY THEFT ACT<br><br>JURY TRIAL DEMANDED<br><br>UNLIMITED – OVER $25,000 |

CASE NO.:

COMPLAINT

*Burkett v. Wells Fargo Bank, N.A.*

## INTRODUCTION

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

2. In enacting the California's Identity Theft Act, Cal. Civ. Code §§1798.92 et seq. ("CITA"), the California Legislature found that the right to privacy was being threatened by the indiscriminate collection, maintenance, and dissemination of personal information. Accordingly, CITA was enacted to combat the lack of effective laws and legal remedies in place. To protect the privacy of individuals, it is necessary that the maintenance and dissemination of personal information be subject to strict limits. Cal. Civ. Code §1798.1(a), (c).

3. MEGAN BURKETT ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of WELLS FARGO BANK, N.A. ("Defendant") with regard to attempts by Defendant to unlawfully and abusively collect a fraudulent debts from Plaintiff and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by each Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court is proper because the events leading to Plaintiff's causes of action occurred in San Luis Obispo County and the State of California.

10. This action arises out of Defendant's violations of (i) the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, et seq. ("RFDCPA"); and, (ii) California's Identity Theft Act, Cal. Civ. Code § 1798.93, et seq. ("CITA").

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

12. Venue is proper.

## PARTIES

13. Plaintiff is a natural person who resides in Arroyo Grande, California, from whom various entities sought to collect consumer debts which were alleged to be due and owing from Plaintiff.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

14. In addition, Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(c).

15. Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).

16. Defendant is a bank operating within the State of California.

17. Defendant is also a "claimant" as that term is defined by California Civil Code § 1798.92(a).

18. Defendant in the ordinary course of business, regularly, on behalf of themselves or others, engages in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

19. This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

## FACTUAL ALLEGATIONS

20. At all times relevant, Plaintiff is an individual residing within the State of California.

21. Plaintiff learned in January 2021 that Plaintiff was the victim of identity theft regarding multiple debts.

22. Plaintiff has since engaged in multiple rounds of disputes with these entities and continually provided unrebutted evidence that Plaintiff was the victim of identity theft.

23. First, Plaintiff received a telephone call from American Express on January 22, 2021 informing her that someone utilized her information in an effort to obtain a credit card.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

24. Plaintiff confirmed during this telephonic communication that the application was fraudulent and American Express immediately noted the application as fraud.

25. Thereafter, Plaintiff learned that someone had opened an account with Wells Fargo in her name and without her consent.

26. Plaintiff immediately set a meeting at a Wells Fargo branch in San Luis Obispo for January 30, 2021.

27. Plaintiff met with a Customer Service Representative named Altee Vigil.

28. Vigil investigated the fraudulent account and informed Plaintiff that her information was utilized to open an account online on December 28, 2020.

29. Vigil further confirmed that billing statements were being sent to addresses in Sun City, CA and Perris, CA despite Plaintiff never living in either of these cities at any point.

30. Following this meeting, Plaintiff reported the ongoing fraud to the Arroyo Grande Police Department.

31. Plaintiff then contacted Wells Fargo's identity theft department on her birthday, February 1, 2021, and spoke with an employee who identified herself as Betsy.

32. Plaintiff explained to Betsy the basis for her belief that she is the victim of identity theft and asked that Wells Fargo close the account immediately.

33. Following additional telephonic and in person disputes, Plaintiff received a written communication from Wells Fargo dated February 3, 2021.

34. Therein, Wells Fargo provided Plaintiff with an Identity Theft Repair Kit and informed Plaintiff that Wells Fargo was "sorry to learn [Plaintiff] may have been the victim of identity theft."

35. In an abundance of caution, Plaintiff also submitted a dispute to Wells Fargo and the major credit bureaus on or about February 9, 2021.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

36. Plaintiff also completed an Identity Theft Victim's Complaint and Affidavit provided by the FTC.

37. The FTC Fraud Affidavit explained that Wells Fargo had refused to honor the fraud despite the fraudulent addresses being utilized for the account.

38. Plaintiff also included her passport; and, multiple mortgage statements showing her actual address while the fraud was ongoing.

39. On February 26, 2021, Wells Fargo informed Plaintiff that it had rejected her fraud claim.

40. Plaintiff was incredibly frustrated to receive this written communication since Plaintiff's disputes established that all of the fraudulent transactions were incurred without her knowledge or consent.

41. Shortly thereafter, Plaintiff received a written communication from Wells Fargo dated March 10, 2021.

42. This written communication properly honored Plaintiff's disputes and finally agreed that Plaintiff had no financial liability for any of the fraud.

43. Multiple months passed after this written communication and Plaintiff assumed that Plaintiff was finally able to move on with her life.

44. Unfortunately, Plaintiff received another written communication from Wells Fargo dated May 19, 2021.

45. Said written communication suddenly reversed its decision and determined that Plaintiff was now liable for thousands of dollars of fraudulent transactions.

46. Plaintiff was greatly disturbed to receive this communication after the reassurances from the various representatives that she would be absolved of the fraud.

47. To date, Wells Fargo continues to hold Plaintiff responsible for said fraud.

48. Wells Fargo's investigation was unreasonable.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

CASE NO.:                                    5 OF 9                    *Burkett v. Wells Fargo Bank, N.A.*
COMPLAINT

49. More specifically, Wells Fargo should have discovered from its own records, including Plaintiff's formal dispute, that the debt it sought to recover from Plaintiff was fraudulent since Plaintiff provided information showing where Plaintiff actually lived at the time the accounts were fraudulently obtained in her name.

50. Plaintiff contends that it was unreasonable for Defendant to not contact Plaintiff for further information if needed; to not contact the Police Department; and, to not conduct a simple inquiry regarding Plaintiff's name and/or location at the time the accounts were opened.

51. The unreasonableness of these investigations is further established by the fact that American Express independently concluded that Plaintiff was the victim of identity theft based upon even less information than what Defendant received.

52. Through this conduct, Wells Fargo violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Wells Fargo violated Cal. Civ. Code § 1788.17.

53. Through this conduct, Wells Fargo violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Wells Fargo violated Cal. Civ. Code § 1788.17.

54. Through this conduct, Wells Fargo violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Wells Fargo violated Cal. Civ. Code § 1788.17.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

55. Through this conduct, Wells Fargo violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Wells Fargo violated Cal. Civ. Code § 1788.17.

56. Through this conduct, Wells Fargo violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Wells Fargo violated Cal. Civ. Code § 1788.17.

57. Through this conduct, Defendant violated Cal Civ. Code § 1798.93.

58. Since Plaintiff's efforts to be absolved of the fraudulent debts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)**

**[AGAINST ALL DEFENDANTS]**

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

61. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Wells Fargo.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

## COUNT II

## VIOLATIONS OF CALIFORNIA'S IDENTITY THEFT ACT

### CAL. CIV. CODE § 1798.92-1798.97

### [AGAINST ALL DEFENDANTS]

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

64. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); a civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Defendant;

- An award of actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5);

- A civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6);

- Attorneys' fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5),

- Any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c); and,

- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

65. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 6, 2021                                             Respectfully submitted,

                                                        LOKER LAW, APC

                                        By: _____
                                             MATTHEW M. LOKER, ESQ.
                                             ATTORNEY FOR PLAINTIFF

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

---

**SUPERIOR COURT, COUNTY SAN LUIS OBISPO**
**San Luis Obispo Branch**, 1035 Palm Street, Rm 385, San Luis Obispo, CA 93408
**Paso Robles** Branch 901 Park Street, Paso Robles, CA 93446

| | |
|---|---|
| | **CASE NUMBER** |
| Megan Burkettvs.Wells Fargo Bank, NA | 21CV-0384 |
| | **Case Management Conference** |

7/6/2021

# NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

This case is assigned to **Judge Garrett, Ginger E.** for all purposes.

Plaintiff must serve the Summons and Complaint, a copy of this Notice; the Standing Case Management Order (located at https://www.slo.courts.ca.gov/os/tentativerulings.htm ) of the judge assigned for all purposes and must file proofs of service within 60 days after the Complaint is filed.

**Defendants shall file responsive pleadings with 30 days of service** unless the parties stipulate to an extension of not more than 15 days.

IT IS HEREBY ORDERED:

1. The parties must appear for a first Case Management Conference  **on November 01, 2021, 9:00 AM, San Luis Obispo Department 2** THE PARTIES OR THEIR ATTORNEYS MUST APPEAR AT THE CASE MANAGEMENT CONFERENCE.  For information about telephone appearances call **COURTCALL** at (888)882-6878.

2. Parties are responsible for reviewing and following the Case Management Order of the assigned judge.  The orders are located at https://www.slo.courts.ca.gov/os/tentativerulings.htm

3. Each party must file and serve a Case Management Statement <u>at least 15 days</u> before the conference.

4. The person appearing at the first Case Management Conference must be familiar with the case and prepared to discuss suitability of the case for mediation, binding arbitration, judicial arbitration or some form of alternative dispute resolution.

5. Trial will be set within the 11th or 12th month after the filing of the Complaint. Counsel must arrange their schedules, reserve dates with witnesses and schedule trial preparation with this in mind. Continuances will be granted only on a clear showing of good cause.

6. All law and motion matters will be calendared in the department of the assigned judge and filed with the Clerk's office.

7. <u>Each party should be prepared to show cause why sanctions should not be imposed for a failure to comply with these rules.</u> **LIMITED JURISDICTION ONLY:** unless the parties have entered into arbitration as required by Local Rules 9.00 and 26.00.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Matthew M. Loker, Esq. (279939)<br>LOKER LAW, APC<br>1303 East Grand Avenue, Suite 101, Arroyo Grande, CA 93420<br><br>TELEPHONE NO.: (805) 994-0177   FAX NO. *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff, Megan Burkett | **ELECTRONICALLY FILED**<br>7/6/2021 2:53 PM<br><br>SAN LUIS OBISPO SUPERIOR COURT<br>BY *Carol L. McGrath*<br>Carol L. McGrath, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN LUIS OBISPO
STREET ADDRESS: 1050 Monterey Street
MAILING ADDRESS: 1050 Monterey Street
CITY AND ZIP CODE: San Luis Obispo 93408
BRANCH NAME: Civil & Family Law Branch

CASE NAME:
Burkett v. Wells Fargo Bank, N.A.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>21CV-0384 |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000) | [ ] Counter | [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [x] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [x] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more
      issues that will be time-consuming to resolve      courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence      court
      f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary   b. [x] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 2 - RFDCPA; and, CITA
5. This case [ ] is [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: July 6, 2021

Matthew M. Loker, Esq.
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

---

CM-010 [Rev. July 1, 2007]

**For your protection and privacy, please press the Clear
This Form button after you have printed the form.**

[Print this form]   [Save this form]

**CIVIL CASE COVER SHEET**

Page 2 of 2

[Clear this form]

**8/9/2021 11:53 AM**

1 | MARK I. WRAIGHT (State Bar No. 228303)
miw@severson.com
2 | REBECCA S. SAELAO (State Bar No. 222731)
rss@severson.com
3 | SEVERSON & WERSON
A Professional Corporation
4 | One Embarcadero Center, Suite 2600
San Francisco, California 94111
5 | Telephone: (415) 398-3344
Facsimile: (415) 956-0439
6 |
Attorneys for Defendant WELLS FARGO
7 | BANK, N.A.

**Electronically**
**FILED:** 08/09/2021
**San Luis Obispo Superior Court**
 By:  McGuirk, Linda

8 | SUPERIOR COURT OF CALIFORNIA

9 | COUNTY OF SAN LUIS OBISPO

10 |

11 | MEGAN BURKETT,                          Case No. 21CV-0384

12 |          Plaintiff,               **STIPULATION AND [PROPOSED]**
                                       **ORDER EXTENDING DEADLINE TO**
13 |     vs.                           **RESPOND TO COMPLAINT**

14 | WELLS FARGO BANK, N.A.,             **[C.R.C. 3.110]**

15 |          Defendant.

16 |                                    Action Filed:    July 6, 2021
                                       Trial Date:      TBD

17 |

18 |          1.       WHEREAS, Plaintiff Megan Burkett ("Plaintiff") filed the above action on July 6,

19 | 2021.

20 |          2.       WHEREAS, Plaintiff served the Complaint on July 8, 2021.

21 |          3.       Pursuant to California Rules of Court, Rule 3.110(d), the parties stipulated to a 15-

22 | day extension beyond the 30-day time period prescribed for Defendant to file an answer to the

23 | Complaint, resulting in Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") pleading in response

24 | to the complaint presently being due on August 24, 2021.

25 |          4.       WHEREAS, pursuant to California Rule of Court 3.110(d), the parties have agreed

26 | and HEREBY STIPULATE, subject to Court approval, that Wells Fargo may have an additional

27 | 15 days to answer, move or otherwise respond to the Complaint, to through and including

28 | September 8, 2021.

07685.2638/15867475.1

STIPULATION AND [PROPOSED] ORDER EXTENDING DEADLINE TO RESPOND TO COMPLAINT

5.      WHEREAS, the Plaintiff and Defendant jointly submit that the additional will assist the parties' efforts to explore a possible early resolution of this matter.

6.      WHEREAS, This stipulation will not alter any other deadline previously set by the Court and is without prejudice to the rights, claims, defenses and arguments of all parties.

Subject to Court approval, IT IS SO STIPULATED

DATED:  August 9, 2021                SEVERSON & WERSON
                                      A Professional Corporation


                                      By:  _____
                                                Rebecca S. Saelao

                                      Attorneys for Defendants WELLS FARGO BANK,
                                      N.A.

DATED:  August 9, 2021                LOKER LAW, APC


                                      By:  _____
                                                Matthew M. Loker

                                      Attorneys for Plaintiff MEGAN BURKETT


Pursuant to Stipulation, **IT IS SO ORDERED.**


DATED:  8/9/2021

                                      _____ for the
                                               Hon. Ginger E. Garrett
                                          Judge, Superior Court of California
                                              County of San Luis Obispo

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

**Burkett v. Wells Fargo Bank, N.A.**
**Case No. 21CV-0384**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Francisco, State of California.  My business address is One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On August 9, 2021, I served true copies of the following document(s):

**STIPULATION AND [PROPOSED] ORDER EXTENDING DEADLINE TO RESPOND TO COMPLAINT**

on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL:  By agreement of the parties or by court order**, I caused a copy of the document(s) to be sent from e-mail address bjp@severson.com to the persons at the e-mail addresses listed in the Service List.  The document(s) were transmitted, and I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 9, 2021, at San Francisco, California.

_____

Buffy J. Powell

1

2

**SERVICE LIST**
*Burkett v. Wells Fargo Bank, N.A.*
**Case No. 21CV-0384**

3

4

LOKER LAW, APC

Attorneys for Plaintiff, Megan Burkett

Matthew M. Loker, Esq.

5

1303 East Grand Avenue
Suite 101

6

Arroyo Grande, CA 93420

7

Telephone: (805) 994-0177
Facsimile: (805) 994-0197

8

Email: matt@loker.law

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ELECTRONICALLY
FILED
9/8/2021 1:36 PM

SAN LUIS OBISPO SUPERIOR COURT
BY_____
J. Reavey, Deputy Clerk

1 | MARK I. WRAIGHT (State Bar No. 228303)
miw@severson.com
2 | REBECCA S. SAELAO (State Bar No. 222731)
rss@severson.com
3 | SEVERSON & WERSON
A Professional Corporation
4 | One Embarcadero Center, Suite 2600
San Francisco, California 94111
5 | Telephone: (415) 398-3344
Facsimile: (415) 956-0439
6 |
Attorneys for Defendant
7 | WELLS FARGO BANK, N.A.

8

**SUPERIOR COURT OF CALIFORNIA**

9

**COUNTY OF SAN LUIS OBISPO**

10

MEGAN BURKETT,

11 |  Plaintiff,

12 |  vs.

13 | WELLS FARGO BANK, N.A.,

14 |  Defendant.

15

Case No. 21CV-0384

**ANSWER TO COMPLAINT**

Action Filed:  July 6, 2021
Trial Date:  None

16

17  In answer to the complaint in this matter, defendant WELLS FARGO BANK, N.A. hereby

18  responds as follows:

19 | <u>**GENERAL DENIAL**</u>

20  Pursuant to Code of Civil Procedure section 431.30(d), Defendant generally denies each

21  allegation of the complaint and further denies that Plaintiff has been damaged or is entitled to

22  damages in any sum or sums or any other relief.

23 | <u>**AFFIRMATIVE DEFENSES**</u>

24  Without taking on the burden of proof where it belongs to Plaintiff as further, separate, and

25  affirmative defenses to the complaint, Wells Fargo alleges the following:

26 | <u>**First Affirmative Defense**</u>

27 | **(Failure to State a Claim)**

28  The complaint fails to state a claim for which relief may be granted.

07685.2638/15890756.1

## Second Affirmative Defense

### (Plaintiff's Failure to Comply With Notice Provision)

Defendant is informed and believes, and thereupon alleges, Plaintiff's California Identity Theft Act claim is barred because Plaintiff failed to provide notice as required by Civil Code section 1798.93(c).

## Third Affirmative Defense

### (Comparative Fault)

Plaintiff is at fault with respect to the matters alleged in the complaint, and recovery, if any, should be barred or reduced in proportion to Plaintiff's comparative fault.

## Fourth Affirmative Defense

### (Failure to Mitigate)

Plaintiff has failed to mitigate and minimize Plaintiff's damages, if any, and such failure eliminates or reduces any claim for relief against Defendant.

## Fifth Affirmative Defense

### (Waiver/Estoppel)

Plaintiff has waived and is estopped by Plaintiff's knowledge, statements, conduct, approval, and authorization of Defendant's acts or omissions which gave rise to the occurrences alleged in the complaint.

## Sixth Affirmative Defense

### (Consent)

Plaintiff consented to all of Defendant's alleged acts or omissions which gave rise to the occurrences alleged in the complaint, and subsequently ratified that conduct.

## Seventh Affirmative Defense

### (Acts of Plaintiffs or Third Parties)

Any injury or damage to Plaintiff was a result of the intentional, negligent, or otherwise wrongful acts of Plaintiff or third parties, and any claims against Defendant should be reduced in proportion to the faults of those third parties.

**Eighth Affirmative Defense**

**(No Agency)**

Other persons, parties, or entities are not and were not agents of Defendant with respect to any actionable acts or omissions.

**Ninth Affirmative Defense**

**(Unforeseeable Superseding Acts or Events)**

The acts of other parties not related to Defendant were unforeseeable and constitute superseding intervening acts, negating the element of proximate cause and thereby barring recovery from Defendant.

**Tenth Affirmative Defense**

**(Contribution)**

In the event it is held liable, Defendant is entitled to a percentage contribution of the total liability from the parties in this case in accordance with the principles of equitable indemnity and comparative contribution.

**Eleventh Affirmative Defense**

**(Commercial Reasonableness)**

Defendant is informed and believes, and thereon alleges that at all times relevant herein, it acted in a commercially reasonable manner and was acting in accordance with reasonable standards applicable to it.

**Twelfth Affirmative Defense**

**(Substantial Compliance)**

Defendant's liability on the complaint, if any, is precluded because of Defendant's good faith substantial compliance with all applicable statutes, rules, and regulations, and any violation was due to mere technical imperfections of form that did not result in any damage to Plaintiffs.

**Thirteenth Affirmative Defense**

**(Laches)**

The complaint and the claims therein are barred in whole or in part by the doctrine of laches.

**Fourteenth Affirmative Defense**

**(Contractual Limitation)**

Defendant's liability in this action, if any, is limited pursuant to all applicable contracts, covenants, conditions, restrictions, and bylaws operating as between the parties or the contract or contracts pursuant to which Defendant performed the acts which are the subject of this action.

**Fifteenth Affirmative Defense**

**(Arbitration)**

Plaintiff's disputes with Wells Fargo are subject to a binding arbitration clause and Wells Fargo expressly reserves the right to move to compel arbitration of Plaintiff's disputes.

**Sixteenth Affirmative Defense**

**(Privilege)**

Defendant's alleged actions or omissions challenged in the Complaint were a good faith assertion of its own economic interest in collecting a balance owed to it and therefore privileged.

**Seventeenth Affirmative Defense**

**(Not Substantial Cause)**

Defendant denies that any of its alleged acts and/or omissions were a substantial cause or factor of the alleged resulting damages or losses to Plaintiff.

**Eighteenth Affirmative Defense**

**(Set-Off)**

Plaintiff's claims are subject to set-off of all sums due and owing to Wells Fargo and/or already paid and/or credited to Plaintiff or Plaintiff's account by Wells Fargo, if any.

**Nineteenth Affirmative Defense**

**(Failure To Notify Bank Within 30 Days (UCC, § 4406(c), (d))**

Defendant sent or made available to plaintiffs monthly statements of account. The monthly statements provided information sufficient to allow Plaintiffs to identify the checks or other items paid from the account. Plaintiffs failed to comply with the duties imposed by California Uniform Commercial Code section 4406(c). Defendant has suffered a loss by reason of plaintiffs' failure to comply with those duties.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>Twentieth Affirmative Defense</u>**

**(Unknown and Additional Defenses Reserved)**

Defendant gives notice that it intends to, and will, rely on such other and further defenses as may become available or apparent during discovery proceedings in this case, or which it may elect to assert at a later time, and it hereby reserves the right to assert such defenses.

**<u>PRAYER</u>**

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing and that judgment be rendered in favor of Defendant;

2. That Defendant be awarded costs of suit incurred in defense of this action;

3. That Defendant be awarded attorneys' fees incurred in defense of this action; and

4. For such relief as the Court deems proper.

DATED:  September 8, 2021                SEVERSON & WERSON
                                        A Professional Corporation


                                        By: _____
                                              MARK I. WRAIGHT

                                        Attorneys for Defendant
                                        WELLS FARGO BANK, N.A.

## <u>PROOF OF SERVICE</u>

### *Burkett v. Wells Fargo Bank, N.A.*
### Case No. 21CV-0384

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On September 8, 2021, I served true copies of the following document(s): **ANSWER TO COMPLAINT**  on the interested parties in this action as follows:

| | |
|---|---|
| Matthew M. Loker, Esq. | Attorneys for Plaintiff, MEGAN BURKETT |
| LOKER LAW, APC | |
| 1303 East Grand Avenue, Suite 101 | Telephone:    (805) 994-0177 |
| Arroyo Grande, CA 93420 | Facsimile:    (805) 994-0197 |
| | Email          matt@loker.law |

☒         **BY E-MAIL:  By agreement of the parties or by court order**, I caused a copy of the document(s) to be sent from e-mail address rjb@severson.com to the persons at the e-mail addresses listed in the Service List.  The document(s) were transmitted, and I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 8, 2021, at Huntington Beach, California.

RYAN J. BROOKS

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>MARK I. WRAIGHT (State Bar No. 228303)<br>REBECCA S. SAELAO (State Bar No. 222731)<br>SEVERSON & WERSON<br>One Embarcadero Center, Suite 2600, San Francisco, California 94111<br>TELEPHONE NO.: (415) 398-3344    FAX NO. *(Optional):* (415) 956-0439<br>E-MAIL ADDRESS: rss@severson.com<br>ATTORNEY FOR *(Name):* WELLS FARGO BANK, N.A. | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY<br>FILED**<br>**10/15/2021 9:24 AM**<br><br>SAN LUIS OBISPO SUPERIOR COURT<br>BY: *Carol L. McGuirK*<br>Carol L. McGuirk, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN LUIS OBISPO**
STREET ADDRESS: 1050 Monterey Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Luis Obispo, CA 93408
BRANCH NAME:

PLAINTIFF/PETITIONER: MEGAN BURKETT

DEFENDANT/RESPONDENT: WELLS FARGO BANK, N.A.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ☒ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)   ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | 21CV-0384 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: November 1, 2021        Time: 9:00 a.m.        Dept.: 2        Div.:        Room:

Address of court *(if different from the address above):*

☒   **Notice of Intent to Appear by Telephone, by** *(name):* Rebecca S. Saelao

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒ This statement is submitted by party *(name):* Defendant WELLS FARGO BANK, N.A.
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* July 6, 2021
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☒ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint

      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in    ☒ complaint    ☐ cross-complaint    *(Describe, including causes of action):*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. September 1, 2021] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3,720–3,730<br>*www.courts.ca.gov* |


American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: MEGAN BURKETT | CASE NUMBER: |
| DEFENDANT/RESPONDENT: WELLS FARGO BANK, N.A. | 21CV-0384 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Claimant contends Wells Fargo violated the Rosenthal Fair Debt Collection Practices Act and the California Identity Theft Act.   Claimant seeks actual damages, statutory damages, a civil penalty of $30,000, equitable relief under Cal. Civ. Code 1798.93(c), and fees and costs.   Wells Fargo reserves all of its rights and defenses.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request ☒ a jury trial      ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  ☐  The trial has been set for *(date):*

b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.  ☒  days *(specify number):* 4 days

b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial      ☒ by the attorney or party listed in the caption      ☐ by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:                              f.  Fax number:

e.  E-mail address:                                g.  Party represented:

☐  Additional representation is described in Attachment 8.

9.  **Preference**

☐  This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel      ☒ has      ☐ has not      provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party      ☐ has      ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

| | | |
|---|---|---|
| CM-110 [Rev. September 1, 2021] | **CASE MANAGEMENT STATEMENT** | **Page 2 of 5** |



American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| PLAINTIFF/PETITIONER: MEGAN BURKETT | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: WELLS FARGO BANK, N.A. | 21CV-0384 |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |



American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| PLAINTIFF/PETITIONER: MEGAN BURKETT | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: WELLS FARGO BANK, N.A. | 21CV-0384 |

**11. Insurance**

    a. ☐  Insurance carrier, if any, for party filing this statement *(name):*

    b.  Reservation of rights:   ☐ Yes   ☐ No

    c. ☐  Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐  Bankruptcy   ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

    a. ☐  There are companion, underlying, or related cases.

        (1) Name of case:

        (2) Name of court:

        (3) Case number:

        (4) Status:

        ☐  Additional cases are described in Attachment 13a.

    b. ☐  A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party):*

**14. Bifurcation**

☐  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☒  The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Wells Fargo may file a motion for judgment on the pleadings and/or a motion for summary judgment at the appropriate time.

**16. Discovery**

    a. ☐  The party or parties have completed all discovery.

    b. ☒  The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Wells Fargo | written discovery | April 29, 2022 |
| Wells Fargo | depositions | June 30, 2022 |
| Wells Fargo | Third party discovery | July 29, 2022 |

    c. ☐  The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*


American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| PLAINTIFF/PETITIONER: MEGAN BURKETT | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: WELLS FARGO BANK, N.A. | 21CV-0384 |

**17. Economic litigation**

a. ☐   This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐   This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐   The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☒   The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐   After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: October 15, 2021

REBECCA S. SAELAO
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

▶   *Rebecca S. Saelao*
_____
(SIGNATURE OF PARTY OR ATTORNEY)

▶   _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**



American LegalNet, Inc.
www.FormsWorkFlow.com

**PROOF OF SERVICE**

**Burkett v. Wells Fargo Bank, N.A.**
**Case No. 21CV-0384**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Francisco, State of California.  My business address is One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On October 15, 2021, I served true copies of the following document(s):

**CASE MANAGEMENT STATEMENT**

on the interested parties in this action as follows:

| | |
|---|---|
| Matthew M. Loker, Esq.<br>LOKER LAW, APC<br>1303 East Grand Avenue, Suite 101<br>Arroyo Grande, CA 93420 | Attorneys for Plaintiff MEGAN BURKETT<br><br>Telephone:   (805) 994-0177<br>Facsimile:   (805) 994-0197<br>Email:        matt@loker.law |

**BY E-MAIL:**  I caused a copy of the document(s) to be sent from e-mail address tmp@severson.com to the persons at the e-mail addresses listed in the Service List.  The document(s) were transmitted, and I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 15, 2021, at San Francisco, California.

_Tiffany Pierce_

_____
Tiffany M. Pierce

**CM-110**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Matthew M. Loker, Esq. (279939)<br>LOKER LAW, APC<br>1303 East Grand Avenue, Suite 101<br>Arroyo Grande, CA 93420 | *FOR COURT USE ONLY* |

TELEPHONE NO.: (805) 994-0177, ext. 1  FAX NO. *(Optional):* (805) 994-0197
E-MAIL ADDRESS *(Optional):* MATT@LOKER.LAW
ATTORNEY FOR *(Name):* Megan Burkett

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Luis Obispo**
STREET ADDRESS: 1035 Palm Street  MAILING ADDRESS: 1035 Palm
Street  CITY AND ZIP CODE: San Luis Obispo 93408
BRANCH NAME: San Luis Obispo Branch

PLAINTIFF/PETITIONER: Megan Burkett
DEFENDANT/RESPONDENT: Wells Fargo Bank, N.A.

| | |
|---|---|
| **CASE MANAGEMENT STATEMENT**<br>*(Check one):*  ☐ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)  ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | CASE NUMBER:<br>21CV-0384 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: November 1, 2021  Time: 9:00 a.m.  Dept.: 2  Div.:  Room:

Address of court *(if different from the address above):*

☐  Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒ This statement is submitted by party *(name):* Megan Burkett
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*  July 6, 2021
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☒ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint

      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☒ complaint  ☐ cross-complaint  *(Describe, including causes of action):*
   Plaintiff asserts Wells Fargo violated the RFDCPA and CITA by collecting a fraudulent debt from Plaintiff.

**Page 1 of 5**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules  3.720–3.730<br>*www.courts.ca.gov* |

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Megan Burkett | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Wells Fargo Bank, N.A. | 21CV-0384 |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff seeks statutory damages, actual damages, attorneys' fees and costs.  Her statutory damages are $32,000 while actual damages will need to be quantified by the jury.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

**5.   Jury or nonjury trial**

a.   The party or parties request ☒ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

**6.   Trial date**

a.   ☐ The trial has been set for   *(date):*

b.   ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint   *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

**7.   Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.   ☒ days *(specify number):* 2 - 3 full days

b.   ☐ hours (short causes) *(specify):*

**8.   Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:

a.   Attorney:

b.   Firm:

c.   Address:

d.   Telephone number:                                     f.   Fax number:

e.   E-mail address:                                         g.   Party represented:

☐ Additional representation is described in Attachment 8.

**9.   Preference**

☐ This case is entitled to preference *(specify code section):*

**10. Alternative dispute resolution (ADR)**

a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☒ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has   ☐ has not reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Megan Burkett | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Wells Fargo Bank, N.A. | 21CV-0384 |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: Megan Burkett | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Wells Fargo Bank, N.A. | 21CV-0384 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | June 2022 |
| Plaintiff | Depositions | July 2022 |
| Plaintiff | Expert discovery | as per code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: Megan Burkett | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Wells Fargo Bank, N.A. | 21CV-0384 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

*20.* Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: October 15, 2021

Matthew M. Loker, Esq.
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Loker Law, APC, 1303 East Grand Avenue, Suite 101, Arroyo Grande, CA 93420.  On October 15, 2021, I served the within document(s):

**CASE MANAGEMENT STATEMENT**

☒      E-MAIL - by transmitting via e-mail the document(s) listed e-mail address listed below on this date before 11:59 p.m.

☒      MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Arroyo Grande, California addressed as set forth below.

☐      PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐      OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via.

☐      CM/ECF - by transmitting electronically the document(s) listed above to the electronic case filing system on this date before 11:59 p.m.  The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record who are registered with the Court's CM/ECF system.

**Rebecca S. Saelao, Esq.**
**SEVERSON & WERSON**
**One Embarcadero Center, Suite 2600**
**San Francisco, CA 94111**

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on October 15, 2021, at Arroyo Grande, California.

_____
MATTHEW M. LOKER

LOKER LAW, APC
1303 East Grand Avenue, Suite 101
ARROYO GRANDE, CA 93420

1    **LOKER LAW, APC**
2    Matthew M. Loker, Esq. (279939)
     matt@loker.law
3    1303 East Grand Avenue, Suite 101
4    Arroyo Grande, CA 93420
     Telephone: (805) 994-0177
5    Facsimile: (805) 994-0197

6
     *Attorney for Plaintiff,,*
7    Megan Burkett

8            **SUPERIOR COURT OF CALIFORNIA**
9            **COUNTY OF SAN LUIS OBISPO**

10
   **MEGAN BURKETT,**          **Case No.:** 21CV-0384
11
         Plaintiff,          **NOTICE OF POSTING JURY FEES**
12                 **BY PLAINTIFF MEGAN BURKETT**
         **v.**
13
                **HON.  RITA FEDERMAN**
14    **WELLS FARGO BANK, N.A.,**

15
16         Defendant.
17

18
19
20
21
22
23
24
25
26
27
28

**TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

 **PLEASE TAKE NOTICE** that Plaintiff MEGAN BURKETT  hereby submits a jury fee deposit in the amount of $150.00 (one hundred fifty dollars and zero cents) in the above-entitled action pursuant to California Code of Civil Procedure § 631(b).


Date: October 15, 2021           **LOKER LAW, APC**

By: _____

           MATTHEW M. LOKER, ESQ.
           ATTORNEY FOR DEFENDANT

LOKER LAW, APC
1303 East Grand Avenue, Suite 101
ARROYO GRANDE, CA 93420

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Loker Law, APC, 1303 East Grand Avenue, Suite 101, Arroyo Grande, CA 93420. On October 15, 2021, I served the within document(s):

**NOTICE OF POSTING JURY FEES**

⊠     E-MAIL - by transmitting via e-mail the document(s) listed e-mail address listed below on this date before 11:59 p.m.

⊠     MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Arroyo Grande, California addressed as set forth below.

☐     PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐     OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via.

☐     CM/ECF - by transmitting electronically the document(s) listed above to the electronic case filing system on this date before 11:59 p.m. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record who are registered with the Court's CM/ECF system.

**Rebecca S. Saelao, Esq.**
**SEVERSON & WERSON**
**One Embarcadero Center, Suite 2600**
**San Francisco, CA 94111**

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on October 15, 2021, at Arroyo Grande, California.

_____
MATTHEW M. LOKER

LOKER LAW, APC
1303 East Grand Avenue, Suite 101
ARROYO GRANDE, CA 93420